## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAGRARIO RIVAS HERNANDEZ; <br><br> Plaintiff <br><br> ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; UR JADDOU, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MERRICK GARLAND, U.S. Attorney General; <br><br> Defendants. | Case No.: 1:23-cv-683 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, Sagrario Rivas Hernandez, was the victim of a felony assault with a deadly weapon when her car was stolen from her at gunpoint outside of her home in 2021. Plaintiff reported the crime to the police and assisted with the investigation. Plaintiff qualifies as a U nonimmigrant victim of a qualifying crime and applied for U nonimmigrant status in April of 2022. At the time of filing this complaint, Plaintiff has been waiting 16 months for the victim protections she is eligible for by law.

Plaintiff bravely came forward, despite fear and tremendous personal risk, to cooperate with law enforcement agencies to make her community and our country safer. Congress created the U visa for this exact purpose, to make our communities safer by encouraging vulnerable immigrant crime victims to speak out against criminals and be granted protection for their assistance and suffering. Plaintiff has a bona fide application for U nonimmigrant status pending and has been waiting 16 months without any glimpse at the protection guaranteed by congress.

Posted wait times – just to be placed on the waiting list or issued a bona fide determination – are now at five years. Is it reasonable for a certified crime victim who suffered

1

substantial harm and worked with the police to keep their community safer to be waiting years without protection? "Arbitrary agency action becomes no less so by simple dint of repetition… [a]nd longstanding capriciousness receives no special exemption from the APA." *Judulang v. Holder*, 565 U.S. 42, 61 (2011). When agency action is wrong, it does not become right by mere repetition, and when an agency delays, that delay is not reasonable just because it affects all petitioners equally.

## INTRODUCTION

1.    Plaintiff, by and through her attorney, respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to guarantee Plaintiff's rights as a crime victim who has applied for U nonimmigrant visas ("U visas"). *See* 8 U.S.C. 1101(a)(15)(U).

2.  Plaintiff has suffered substantial psychological or physical harm as a result of the crimes she experienced. She continues to suffer harm as she is left for years without the protections she is statutorily entitled to, due to unreasonable delays in the adjudication of her petition and application for employment authorization..

3.  Congress allocated 10,000 U visas per year under 8 U.S.C. § 1184(p)(2)(A), however demand far exceeds supply, and a waiting list was created to handle the demand. So as not to leave eligible petitioners without protection, the regulations mandate that petitioners who qualify and would receive a U visa but for the cap *must* be placed on a waiting list and granted deferred action or parole. 8 C.F. R. § 214.14(d)(2). Individuals with deferred action qualify for employment authorization. *Id*.

4.  In addition to the waitlist determination and in further efforts to ensure crime victims would be protected, Congress enacted 8 U.S.C. § 1184(p)(6) which states, "[t]he Secretary may

grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

5.   In June of 2021, USCIS updated its Policy Manual to implement the Bona Fide Determination Process ("BFD" Process) described at 8 U.S.C. § 1184(p)(6). The procedure states that when USCIS receives an I-918 form, they will first determine whether the pending petition is bona fide. If the petition is not bona fide, the agency puts the application on the waitlist track. "If USCIS determines a principal petitioner and any other qualifying family members have a bona fide petition and warrant a favorable exercise of discretion, USCIS issued them BFD EADs and grants deferred action." *See* USCIS, POLICY MANUAL, Vol. 3, Part C, Ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5. The Sixth Circuit found that the implementation of the BFD process did not moot Appellant's claim that USCIS had unreasonably delayed or withheld pre-waitlist work authorization under 8 U.S.C. § 1184(p)(6*). See Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440. (6th Cir. 2022).

6.   Plaintiff properly filed a bona fide petition for U nonimmigrant status with Defendant U.S. Citizenship and Immigration Services ("USCIS") on April 29, 2022. 5 U.S.C. § 555(b) requires Defendants to determine Plaintiff's eligibility for a U Visa and adjudicate the applications for employment authorization within a reasonable period of time. Defendants have a non-discretionary duty to place U Visa petitioners on the waitlist if their petitions would be approved but for the statutory cap on visa numbers. 8 C.F.R. § 214.14(d)(2). Defendants also have a non-discretionary duty to determine whether the applications are bona fide. Plaintiff filed form I-765 application for employment authorization documents along with her U visa petitions.

7.   Plaintiff has been waiting 16 months for Defendants to determine her eligibility and place her on the waitlist or issue a bona fide determination. Plaintiff's petitions remain

within the jurisdiction of Defendants, who have improperly withheld action for an unreasonable period of time, to the detriment of Plaintiff.

8.      Defendants' failure to make a waitlist or bona fide determination is leaving her vulnerable to the threat of deportation and separation from family members and placing her at risk of further victimization in the community due to her undocumented status.

9.      Defendants' failure to timely adjudicate the EAD application filed by Plaintiff is depriving her of the ability to lawfully support herself and her family and limiting her access to mental health services necessary to recover from the trauma she experienced.

10.     Defendants' failure to make a bona fide determination, timely place Plaintiff on the waitlist, or adjudicate her EAD application, violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1184(p)(6); the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 & 701; the regulations governing the waiting list, 8 C.F.R.§ 214.14(d)(2); and former 8 C.F.R. § 274.13a(d). Plaintiff is entitled to relief under the APA, 5 U.S.C. §§ 555, 701-702, and 706; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

2.      Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the

convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory a nd injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

3. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff's unreasonably delayed petitions, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

4. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"

5. Because adjudication of a properly filed U Visa petition is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains

original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008). Numerous federal district courts including this Court have ruled that adjudication of a properly filed application for immigration benefits, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, Bustos v. Mayorkas, Civ. No. 20-1348 KG/SMV, 2021 WL 3931173 (D.N.M. 2021)*("Without a statutory delegation to the Attorney General of discretionary authority to establish a timetable, USCIS regulatory decisions about the pace are not statutorily excluded from judicial review.")*; see also Tista v. Jaddou,* 577 F.Supp.3d 1219 (D.N.M. 2021); *Jones v. Gonzales,* 2007 WL 1810135, *1 (S.D. Fla. 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjudication of petitions for U nonimmigrant status. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The regulations regarding issuance of an EAD provide that "If the application is granted, the alien *shall* be notified of the decision and issued

an employment authorization document valid for a specific period and subject to any terms and conditions as noted. If the application is denied, the applicant *shall* be notified in writing of the decision and the reasons for the denial."   8 C.F.R. § 274a.13(b)-(c)(emphasis added). "*All eligible petitioners* who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement… USCIS *will* grant deferred action or parole to *U-1 petitioners and qualifying family members* while the U-1 petitioners are on the waiting list. 8 C.F. R. § 214.14(d)(2) (emphasis added).

7.   The language of the statutes and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to  place eligible petitioners and their derivative family members on the waiting list or issue a bona fide determination and adjudicate the employment authorization applications pending before them.

8.   "The default rule is that agency actions are reviewable under federal question jurisdiction, pursuant to 28 U.S.C. § 1331… even if no statute specifically authorizes judicial review." *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004) (citing *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56-57 (1993)). Therefore, there is a strong presumption Congress intended to provide judicial review of administrative actions. *See Kucana v. Holder*, 558 U.S. 233, 251 (2010). The Sixth Circuit found jurisdiction over similar claims for unreasonable delay in U visa cases in *Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440. (6th Cir. 2022).

9.   As set forth below, the delay of 16 months in processing the Plaintiff's properly filed petition for  U nonimmigrant status in order to make a wait list or bona fide determination and adjudicate her EAD applications is unreasonable.

10. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C), which provides that a suit against federal officials acting in their official capacities may be brought in any judicial district where a plaintiff in the action resides. Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides in this District.

## STANDING

11. The Defendants have caused Plaintiff to suffer harm or the invasion of a legally protected interest that is 1) concrete and particularized and 2) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiff has been denied a bona fide determination and placement on the waiting list, which provides deferred action and entitles them to adjudication of her pending EAD applications. This failure to act prevents her from legally obtaining employment, obtaining a valid social security number and driver's license, and leaves her at risk for deportation and family separation.

12. As a result of the crime she was a victim of, Plaintiff suffers from mental health issues including anxiety, stress, and paranoia. The unreasonable delay in adjudication of her petition is exacerbating these problems and leading to additional stress, fear, and financial harm. Without her EAD and deferred action/waitlist letters, Plaintiff is unable to seek better employment opportunities that would allow her to access proper medical and psychological services as she continues to recover from the trauma she endured as a crime victim.

13. The Plaintiff's actual, concrete, and particular injuries are directly tied to the Defendants' failure to timely adjudicate her EAD application and Defendants' failure to timely adjudicate Plaintiff's cases for a bona fide determination or placement on the U visa waitlist.

14. Plaintiff therefore has standing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. No exhaustion requirement applies to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of her properly filed petitions for U nonimmigrant status and employment authorization, which have been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's petition for 16 months.

16. Plaintiff has no other adequate remedy available for the harm t h e y seek to redress – the failure of USCIS to make a bona fide determination or place them on the U visa waitlist in compliance with 8 C.F.R. 214.14(d)(2) and adjudicate her application for employment authorization.

**PARTIES**

17. Plaintiff is a citizen of Mexico residing in the U.S. She is a certified crime victim who has filed a Petition for U nonimmigrant status along with an application for work authorization.

18. Defendant, Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS). The Secretary of DHS is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

19. Defendant Ur Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS. The Director of USCIS is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

20. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and adjudicating waiver applications such as Plaintiff's.

21. Defendant Merrick Garland is the Attorney General of the United States.  He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for immigration benefits.  He is sued in his official capacity only.

22. Defendants are in charge of the processing and adjudication of petitions for U nonimmigrant status and applications for employment authorization. They are sued in their official capacity only.

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

23. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Both the Sixth and Seventh Circuit have recognized that eligible U-Visa petitioners must be placed on the waiting list "within a reasonable time." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). *Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440. (6th Cir. 2022).  In deciding "whether the plaintiff's wait to have his U[-]visa petition reviewed [i]s unreasonable," courts consider: (1) the length of the delay, (2) "the backlog of petitions", and (3) the agency's "effort to reduce the backlog." *Calderon-Ramirez* at 276; see also *Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) (distilling these factors).

24. The U.S. District Court for the Northern District of California recently held that "budget constraints that limited personnel and resources assigned to an agency" do not "grant the

agency carte blanche to repeatedly violate congressionally mandated deadlines." *Nightingale v. U.S. Citizenship and Immigration Services*, 19-cv-03512-WHO, *18 (N.D. Cal. 2020). The court further held that "Defendants cannot use a predictably increasing workload to excuse their chronic failure to make timely determinations…." *Id*. at *18.  Though this case was relating to FOIA requests, the same is true for U visa petitions.

U Nonimmigrant Status, INA § 101(a)(15)(U):

25. Congress created the U nonimmigrant status program to make communities safer by encouraging victims of crime without legal status to come forward and assist in the investigation or prosecution of criminal activity[1].

26. DHS recognizes that immigrants without lawful status, especially women, can be especially vulnerable to criminal activity due to language barriers, separation from friends and family, lack of understanding of U.S. laws, fears of deportation, and other barriers. *Id*.

27. Foreign nationals who fall victim to certain serious crimes while in the U.S. may qualify for U nonimmigrant status under 8 U.S.C. § 1101(a)(15)(U). To qualify for this status, they must: (1) suffer substantial physical or mental abuse as the result of being the victim of a qualifying criminal activity; (2) possess credible and reliable information about the qualifying crime; (3) be helpful in the investigation or prosecution of that crime; (4) The crime must have occurred in or violated the laws of the U.S. *see* 8 C.F.R. 213.13(b).

28.        The law provides for derivative U visa status to certain close family members of the principal petitioner. *See* 8 U.S.C. § 1101(a)(15)(U)(ii).

Waitlist Determination:

---

[1] *See Department of Homeland Security, U Visa Law Enforcement Resource Guide, available at* https://www.dhs.gov/sites/default/files/publications/19_0731_uscis_u-visa-law-enforcement-resource-guide.pdf.

29. Congress allocated 10,000 U Visas per year under 8 C.F.R. 214.14(d), however demand far exceeds supply, and a waiting list was created to handle the demand. This results in two separate waiting periods and two adjudications for each petitioner. The relevant rule states:

> **All eligible petitioners** who, due solely to the cap, are not granted U-1 nonimmigrant status **must** be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority… USCIS **will** grant deferred action or parole to **U-1 petitioners and qualifying family members** while the U-1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members. 8 C.F. R. § 214.14(d)(2) (emphasis added).

30. Although there is no explicit deadline for when U Visas must be adjudicated and petitioners placed on the wait list, the APA reasonableness standard still applies. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999). After reviewing the merits of a U visa delay case with very similar facts, the District Court for the District of South Carolina granted summary judgment to Plaintiffs. *See Solis v. Cissna*, 2019 WL 8219790 (D.S.C. 2019). Additionally, several courts including the District Court for the District of New Mexico have refused to dismiss claims based on unreasonable delay in processing U-Visa petitions. *See Ramires v. Wolf*, 2020 WL 6146393 (D.N.M. 2020); *Bustos v. Mayorkas, Civ. No. 20-1348 KG/SMV, 2021 WL 3931173 (D.N.M. 2021Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870 (N.D. Ill. 2018); *Urias v. Cissna*, No. 9:18-00093-MBS, 2018 WL 5014078 (D.S.C. 2018); *Camarena v. Cuccinelli*, 2020 WL 550597 (N.D. Ill. 2020).

31. The District Court for the District of South Carolina found that "USCIS effectively if unofficially completed the process of determining Plaintiffs' eligibility for the waiting list within the first fifteen months of when Plaintiffs filed their respective petitions."  *Solis v. Cissna*, 2019 WL 8219790, \*14 (D.S.C. 2019). The court also found that "lack of funds and resources alone is not a sufficient explanation for the delay…" *Id*. Additionally, the court found that "USCIS has

not established adherence to its own rule of reason such that court-ordered action on Plaintiffs'

petitions would interfere with USCIS's other functions and activities." *Id.*

32. U visa derivatives are not subject to the 10,000 annual cap, which applied only to U-1

nonimmigrants (principal petitioners). *See* 8 C.F. R. § 214.14(d)(2). U visa derivatives must be

placed on the waitlist at the same time as the principal petitions. "USCIS *will* grant deferred

action or parole to U-1 petitioners *and qualifying family members* while the U-1 petitioners are

on the waiting list." *Id.* (emphasis added).

Employment Authorization

33. Congress recognized that work authorization is a critical safeguard for immigrant

victims of crime and mandated U visa recipients be granted a work permit. *See* 8 U.S.C.

1184(p)(3)(B) (Stating that the Attorney General "shall" provide individuals in lawful U Visa

status with employment authorization).

34. After seeing that the number of meritorious petitions for U visas would exceed the

annual cap on the status, Congress provided that USCIS "may grant work authorization to any

alien who has a pending, bona fide application for nonimmigrant status" under the U Visa

provision. 8 U.S.C. § 1184(p)(6). The use of the words "pending" and "bona fide" show

congressional intent for work authorization to be granted on applications made in good faith even

while the underlying petition is undecided or awaiting a final decision. Though Congress used

the language "may grant" USCIS still has the mandatory duty to adjudicate an application before

it and cannot simply ignore congressional intent. *See Barrios Garcia v. U.S. Department of*

*Homeland Security,* 25 F.4th 430, 445. (6th Cir. 2022). (Finding that Section 1184(p)(6) is not a

wholly discretionary statute). *See also Aslam v. Mukasey*, 531 F. Supp. 2d  736, 739 (E.D. Va.

2008). ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all.").

35. In enacting section 1184(p)(6), the bill's sponsors explained that U Visa petitions "**should not have to wait for up to a year** before they can support themselves and their families," emphasizing that the "Vermont Service Center should therefore strive to issue work authorization and deferred action in most instances within 60 days of filing, consistent with the need for safe and competent adjudication." 154 Cong. Rec. H10,888, 10,905 (daily ed. Dec. 10, 2008) (statement of Reps. Berman and Conyers)(emphasis added), 2008 WL 5169865.

36. In June of 2021, Defendants published policy guidance implementing 8 U.S.C. § 1184(p)(6) and detailing how bona fide determinations would be made. According to USCIS guidance, USCIS determines a principal petition is bona fide if the principal petitioner has properly filed a complete Petition for U Nonimmigrant Status including all required initial evidence. Required initial evidence includes a properly executed and unexpired Form I-918 Supplement B, a personal statement describing the facts of the victimization, and biometrics allowing for background and security checks. *See* USCIS Policy Manual Volume 3, Part c, Chapter 5.

37. Before January 2017 USCIS was obligated to adjudicate EAD applications within 90 days. *See* former 8 C.F.R. § 274a.13(d) (effective prior to January 2017)[2]. USCIS amended its regulation and eliminated the 90-day deadline despite multiple public comments to the contrary.

38. For all EAD applications filed prior to January 2017, USCIS had a mandatory duty to adjudicate within 90 days. If they failed to meet that deadline, they were required to issue interim

---

[2] On November 18, 2016, the Department of Homeland Security issued final rules eliminating this requirement. 81 Fed. Reg. 82,398, 82,491 (Nov. 18, 2016). Those rules became effective January 17, 2017, and so apply only to EAD applications filed on or after that date. *See id.* at 82398.

EADs. *Id*. Even though that explicit deadline no longer exists, the APA reasonableness standard remains. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999). The fact that previous regulations required adjudication within 90 days is an indicator of what constitutes a reasonable amount of time necessary to adjudicate EAD applications, even if USCIS is no longer required to issue interim EADs by that timeline.

## FACTUAL AND PROCEDURAL BACKGROUND

39. Plaintiff properly applied for U nonimmigrant status or derivative status under INA 101(a)(15)(U)(i). Plaintiff also properly filed Form I-765, application for employment authorization. Applications were filed on April 29, 2022. At the time of filing this complaint, Plaintiff has not received a bona fide determination, been placed on the waitlist, or received adjudication of her EAD application.

40. As a result of the delay in issuing a bona fide or waitlist determination, and the failure to adjudicate her EAD applications, Plaintiff is suffering severe emotional and financial hardship and lives in fear of deportation and family separation.

41. Defendant USCIS has not taken any significant steps to reduce the backlog in processing U Visa petitions since July of 2016 when they began processing U visa petitions at the Nebraska Service Center. After beginning to process U visa petitions at the Nebraska Service Center, the wait time to be placed on the waiting list increased rather than decreased. Defendants announced the opening of the HART processing center to speed up processing times on humanitarian cases, however processing times have remained the same.

42. In June of 2021, Defendants finally implemented 8 U.S.C. § 1184(p)(6) into official policy and published guidance defining what constitutes a bona fide petition. Despite this

updated guidance, the published wait times continue to increase. Current posted wait times to be issued either a bona fide notice or be placed on the wait list are 60 months.

43. The backlog is leaving certified victims of serious crimes who would otherwise qualify for a U visa without any protections while they wait five years for work authorization, just to wait years more for a visa to become available.

**CAUSES OF ACTION**

**COUNT ONE**

**DECLARATORY JUDGMENT**

44. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

45. Defendants in this case have failed to adjudicate Plaintiff's petition for U nonimmigrant status and place her on the waitlist or issue a bona fide determination. This failure to act is against the law, has caused, and continues to cause harm to Plaintiff. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

**COUNT TWO**

**VIOLATION OF 5 U.S.C. §§ 555, 702, 704, 706 (APA CLAIMS)**

46. The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

47. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). To ensure that agencies comply with this provision, the APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1).

48. Defendants have a nondiscretionary obligation to determine Plaintiff's eligibility, place her on the waitlist if eligible, and grant her deferred action or parole. 8 C.F.R. § 214.14(d)(2).

49. Defendants have a nondiscretionary obligation to determine if a U visa petition is bona fide.

50. Defendants have a nondiscretionary obligation to adjudicate petitions for employment authorization.

51. Defendants have a nondiscretionary obligation to make these determinations within a reasonable time. 5 U.S.C. § 706(1).

52. Plaintiff has suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency inaction. 5 U.S.C. § 702. Because of Defendants' inaction and unreasonable delay, Plaintiff is suffering irreparable harm to her health and welfare, for which there is no other adequate remedy in court.  5 U.S.C. § 704.

53. Defendants' failure to make waiting-list eligibility determinations for Plaintiffs who would receive U nonimmigrant status but for the statutory cap violates 8 C.F.R. § 214.14(d)(2) and constitutes agency action unlawfully withheld in violation of the APA, 5 U.S.C. § 706(1).

54. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

55. The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

56. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiff.  Defendants have failed to properly adjudicate Plaintiff's petition for a U visa, place her on the waitlist or issue a bona fide determination, and if eligible provide her with deferred action and adjudicate any properly filed application for employment authorization.

57. Issuance of a writ of mandamus is appropriate when the following requirements are satisfied: (i) the plaintiff has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). Plaintiff clearly meets all three of these criteria.

58. Plaintiff hs fully complied with all of the statutory and regulatory requirements for seeking U nonimmigrant status, including submission of all necessary forms and supporting documents.

59. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's U Visa and EAD applications for 16 months thereby depriving the Plaintiff of her rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience

and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

60. The Defendants owe the Plaintiff a duty to adjudicate her U visa and employment authorization applications, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

61. The Plaintiff has no alternative means to obtain adjudication of her applications and her right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

62. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiff has already 16 months for adjudication of her pending U Visa and employment authorization applications, well beyond a reasonable period of time. This is an unacceptable and unreasonable delay.

63. Plaintiff is entitled to action on her long-pending U Visa and employment authorization applications, because an unreasonable amount of time has passed since the applications were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiff.

64. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the U Visa petition, placing Plaintiff on the waiting list if eligible, issuing a bona fide determination, and adjudicating her employment authorization is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate Plaintiff's pending petitions for issuance of a bona fide determination or placement on the U visa waiting list, grant her deferred action if she qualifies, and adjudicate her application for employment authorization.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412.

E.  Grant any and all further relief this Court deems just and proper.

Dated this 17th day of August 2023.

<u>/s/ Heather Kryzak.</u>

Heather Kryzak
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
heather@hkryzaklaw.com
*Attorneys for Plaintiff*